1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   THOMAS GOOLSBY,                                   CASE NO. 1:10-cv-01729-AWI-SMS PC

10                           Plaintiff,               Kern County Superior Court
                                                      Case No. S-1500-cv-270540-DRL
11           v.
                                                      ORDER REMANDING ACTION TO
12   SCARLETT, et al.,                                KERN COUNTY SUPERIOR COURT
                                                      FOR LACK OF JURISDICTION
13                           Defendants.
                                                      (Doc. 1)
14   _____/

15

16          Plaintiff Thomas Goolsby is a state prisoner proceeding pro se in this civil action.  On

17   September 20, 2010, Defendants Scarlett and Hurst removed this action from Kern County Superior

18   Court.  In their notice of removal, Defendants contend that Plaintiff's alleges violations of his First

19   and Eighth Amendment rights under the United States Constitution.  Plaintiff's claims arise from

20   his exposure to pepper spray fumes and the subsequent lack of medical care for his injuries, and from

     the denial of access to the courts.
21
            Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which
22
     the district courts of the United States have original jurisdiction."  Federal courts "shall have original
23
     jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."
24
     28 U.S.C. § 1331.  The removal statute is strictly construed, and Defendants bear the burden of
25
     establishing grounds for removal.  Syngenta Crop Protection, Inc. V. Henson, 537 U.S. 28, 32, 123
26
     S.Ct. 366 (2002); Provincial Government of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087
27
     (9th Cir. 2009).  Courts "must consider whether federal jurisdiction exists, even if no objection is
28

1

1   made to removal, and even if both parties stipulate to federal jurisdiction," Rains v. Criterion

2   Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted), and "federal jurisdiction 'must

3   be rejected if there is any doubt as to the right of removal in the first instance,'" Duncan v. Stuetzle,

4   76 F.3d 1480, 1485 (9th Cir. 1996) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

5        "The presence or absence of federal-question jurisdiction is governed by the well-pleaded

6   complaint rule, which provides that federal jurisdiction exists only when a federal question is

7   presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams,

8   482 U.S. 386, 392, 107 S.Ct. 2425 (1987) (internal quotations and citations omitted). "The rule

9   makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive

10   reliance on state law." Caterpillar, Inc., 482 U.S. at 392.

11        Although Plaintiff could have brought this action under 42 U.S.C. § 1983 for violation of his

12   federal constitutional rights, he did not. Plaintiff's complaint is devoid of any mention of the United

13   States Constitution, the First Amendment, the Eighth Amendment, section 1983, or any other federal

14   bases for relief. While Plaintiff references deliberate indifference, the failure to protect him, and the

15   denial of access to the courts, that terminology alone is insufficient to confer federal jurisdiction in

16   light of the fact that Plaintiff's allegations do not give rise to claims which are redressable

17   exclusively under federal law,[1] in the face of Plaintiff's decision to file suit in state court on a state

18   form complaint, and in the absence of any language referring to his federal constitutional rights or

19   section 1983.

20        The Court finds that Plaintiff exercised his right to rely exclusively on state law, though it

21   expresses no opinion whether Plaintiff's claims are ultimately viable under state law. Caterpillar,

22   Inc., 482 U.S. at 392. The Court lacks subject matter jurisdiction over this action and it shall be

23   remanded to Kern County Superior Court.

24   ///

25   ///

26

27   [1] See e.g., Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (identifying elements of negligence claim under California law); Tekle v. U.S., 511 F.3d 839, 855 (9th Cir. 2007) (outlining elements of assault and battery

28   claims under California law); Apollo v. Gyaami, 85 Cal.Rptr.3d 127, 138 (Cal. Ct. App. 2008) (prisoners have a protected right of access to the courts under federal and state law).

1    For the reasons set forth herein, it is HEREBY ORDERED that:

2        1.    This action is REMANDED to the Kern County Superior Court; and

3        2.    The Clerk of the Court shall serve a copy of this order on the Kern County Superior

4              Court.

5

6    IT IS SO ORDERED.

7

Dated:    January 25, 2011

8                                                    _____
                                              CHIEF UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3